UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH, | No. 2:23-cv-0415 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF RCCC, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2  § 1915(b)(2).
3       As discussed below, plaintiff's complaint is dismissed with leave to amend.
4  Screening Standards
5       The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
17  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
18  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
19  1227.
20       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
25  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
26  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
27  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
28  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff alleges that his religious rights are being violated by the denial of a religious diet. He contends the food at RCCC is not in compliance with state law.  Plaintiff has been denied a proper diet for over 10 months, giving him different meats every day, and refusing to honor his vegetarian Sikh religious diet.  Today his tray contained a rock, almost breaking his tooth. Plaintiff alleges that staff's failure to provide plaintiff with an approved vegetarian Sikh religious diet consistent with plaintiff's religious belief places him in an unstable position of violating his rights or going hungry in violation of the First Amendment's Free Exercise Clause, the Religious

Land Use and Institutionalized Persons Act ("RLUIPA"), and the Eighth Amendment's right to be free from cruel and unusual punishment. (ECF No. 1 at 4.) Plaintiff also lists "discrimination, equal protection and due process." (Id.)

As relief, plaintiff asks the court to make a ruling to "never allow someone's religion to be destroyed." (ECF No. 1 at 3.) Plaintiff names as defendants the Sacramento County Sheriff kitchen and chaplain, and under additional defendants writes "staff." (ECF No. 1 at 2.)

Plaintiff attaches various grievances and message requests. (ECF No. 1 at 5-21.)

Discussion

No Named Defendant

Importantly, plaintiff failed to identify an individual defendant by name. The court is unable to order service of process on an unidentified defendant. Plaintiff is granted leave to amend to identify the individual or individuals responsible for providing, authorizing or denying plaintiff a religious diet at RCCC.

First Amendment

Incarcerated persons do not forfeit the right to the free exercise of religion, which is guaranteed by the First Amendment. See McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122-23 (9th Cir. 2013). In the religious diet context, incarcerated persons "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea, 833 F.2d at 198.

To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions: (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner -- i.e., the official's actions were not "rationally related to legitimate penological interests." See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-50 (1987); Jones v. Williams, 791 F.3d at 1031, 1033; Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). A substantial burden places more than an inconvenience on religious exercise; it must tend to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs.

4

Jones v. Williams, 791 F.3d at 1031-32.  Plaintiff must demonstrate that prison officials prevented him from engaging in conduct which he sincerely believes is required by his faith. Shakur, 514 F.3d at 884-85.  The underlying religious belief must be "sincerely held."  Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); see also Shakur, 514 F.3d at 884-85 (noting that the "sincerity test," not the "centrality test," applies to a free exercise analysis); see also Sprouse v. Ryan, 346 F. Supp. 3d 1347 (D. Ariz. 2017) ("With respect to religious diets, prisoners 'have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion.' ")

Plaintiff's complaint does not allege facts meeting all of the elements required to state a cognizable Free Exercise Clause violation.  Plaintiff is granted leave to amend his complaint to include facts addressing whether the deprivation of the religious diet "substantially burdened" the exercise of a sincerely-held religious belief; and whether each defendant did so in an unreasonable manner, in other words, the defendant's actions were not "rationally related to legitimate penological interests."

RLUIPA

A prisoner's ability to freely exercise his religion is also protected by RLUIPA.  RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person . . . is in furtherance of a compelling governmental interest . . . and is the least restrictive means of furthering that . . . interest."  42 U.S.C. § 2000cc-1(a).  "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'"  Hartmann, 707 F.3d at 1124; 42 U.S.C. § 2000cc-5(7).

The First Amendment substantial burden requirement also applies to claims under RLUIPA.  See Greene v. Solano Cty. Jail, 513 F.3d 982, 988 (9th Cir. 2008).  As with the First Amendment, under RLUIPA, the government imposes a "substantial burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to violate his beliefs."  Hartmann, 707 F.3d at 1125 (citation omitted).  RLUIPA is more protective than the First

Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated.  See Holt v. Hobbs, 135 S. Ct. 853, 862 (2015).  Under RLUIPA, the "'substantial burden' inquiry asks whether the government has substantially burdened religious exercise. . ., not whether the RLUIPA claimant is able to engage in other forms of religious exercise."  Holt, 135 S. Ct. at 862.

Money damages are not available under RLUIPA against the state or state officials sued in their official capacities, Sossamon v. Texas, 563 U.S. 277, 279 (2011), and RLUIPA does not contemplate liability of government employees in their individual capacity.  Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).  Thus, a RLUIPA claim may proceed only for declaratory or injunctive relief against defendants acting within their official capacities.  See Jones v. Williams, 791 F.3d at 1031 ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable.").  The proper defendant for a RLUIPA claim is the official who could appropriately respond to a court order on injunctive relief should one ever be issued.  See Jones v. Williams, 791 F.3d at 1031.

In addition to not addressing "substantial burden," plaintiff does not allege that any defendant has the authority or power to designate or ensure that plaintiff receives a vegetarian Sikh diet.  Plaintiff is granted leave to amend and should name a defendant who holds such authority and who could respond to a court order on injunctive relief should one issue.  Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015).

Fourteenth Amendment

As noted above, plaintiff lists "discrimination, equal protection and due process" at the end of his complaint.  However, plaintiff includes no specific facts to support such claims.  Moreover, to the extent such claims are based on the facts plaintiff did include, any putative due process claims are subsumed by the First Amendment and RLUIPA and do not state a separate due process claim.  See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive

due process," must be the guide for analyzing such a claim.") (internal quotes and citation omitted); Whitley v. Albers, 475 U.S. 312, 327(1986) (the Fourteenth Amendment affords a prisoner no greater protection than the Eighth Amendment).

Putative Claim

Plaintiff also states that after he submitted a claim concerning his religious diet to the county, plaintiff has been subject to harassment and retaliation.[1] (ECF No. 1 at 4.)

A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

---

[1] Prisoners have a First Amendment right to file a grievance or civil rights complaint against correctional officials. Brodheim v. Cry, 584 F. 3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). A retaliatory motive may be shown by the timing of the allegedly retaliatory act or other circumstantial evidence, as well as direct evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003); McCollum v. Ca. Dep't of Corr. And Rehab., 647 F.3d 870, 882 (9th Cir. 2011). Circumstantial evidence usually includes "(1) proximity in time between protected speech and the alleged retaliation; (2) [that] the [defendant] expressed opposition to the speech; [or] (3) other evidence that the reasons proffered by the [defendant] for the adverse . . . action were false and pretextual." Id. (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)) (quotation marks omitted). Mere speculation that a defendant acted out of retaliation is not sufficient. Wood, 753 F.3d at 904 (citing cases).

Here, it is unclear whether the individuals responsible for providing, authorizing or denying plaintiff a religious diet are the same individuals who are allegedly retaliating against plaintiff. It appears likely, however, that any putative retaliation claim would not arise from the same transaction or occurrence as the deprivation of a religious diet because the claims would involve different questions or law and fact. Thus, unless the individuals involved are the same, plaintiff should pursue such retaliation claim in a separate action.

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff may ask the court to attach the previously submitted exhibits to plaintiff's amended complaint rather than submit duplicate copies.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff or designee filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

////

////

6. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  June 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/sing0415.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF RCCC, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-0415 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____　　　　　　　Amended Complaint

DATED:

_____

Plaintiff